This suit was begun as a boundary suit wherein the plaintiff asked the court to establish the boundary line between his land and that of the defendant, alleging that the boundary line had never been definitely established, contending that his south boundary line and the north boundary line of defendant's property to be a line running parallel to the north line of Headright (Section) 38, T. 3 S., R. 5 E. 42.42 chains South 32° 30' east of the Northwest corner of said Headright and running North 56° 30' East 42.42 chains to his East line, while defendant contended that the said boundary line was a public road leading from Greensburg to Harvell's Mill. He further alleged that he sold some 20,000 feet of timber off of the disputed area, of the value of $100, and that after the timber was cut and partly removed, the defendant stopped the removal of the same, claiming the ownership thereof. The defendant answered the suit, denying the necessity of the boundary suit, as the bounds had been fully established by the ancestors in title of the parties litigant and had been fixed as the public road leading from Greensburg to Harvell's Mill. She reconvened for the sum of $77.47, as the value of the timber cut and partly removed. The case was tried and submitted. Before judgment was rendered, with permission of the court and by consent and agreement of both parties litigant, the plaintiff was permitted to file a supplemental petition claiming the ownership of the tract of land in dispute, some eighteen acres, converting the action from one of boundary to an action to try title under Act 38 of 1908. The defendant answered this supplemental petition asserting title in herself to the disputed tract of land, and again made demand for the amount of $77.47 as damages for the alleged cutting of the timber.
The case was again tried and submitted on the testimony offered in the boundary suit. The trial judge rendered a judgment recognizing defendant as the owner of the disputed tract of land, making "the Greensburg-Harvell's *Page 817 
Mill Public Road the northern boundary of the said piece of land". He also disallowed the claim of plaintiff against the defendant and the claim of defendant against the plaintiff on account of the timber cut and cast plaintiff for all costs. Plaintiff appealed. Defendant has answered the appeal, asking that the judgment be amended by awarding her damages as claimed in her reconventional demand.
According to plaintiff's offerings, plaintiff owns 100 acres of land more or less in Section 38, T. 3 S., R. 5 East, on Spring Creek, and bounded "South by Dudley Hall and M.R. Womack, orPublic Road leading from Greensburg to Harvell's Mill" (this road hereafter being referred to as the Greensburg Road). (Italics ours.) The land in dispute lies south of this road, the plaintiff claiming that the correct boundary is a straight line running from the west line of the section in a northeasterly direction almost parallel with the said road, and about six or seven chains south of the road. The defendant claims that the boundary or her property line is the Greensburg Road.
Plaintiff, on January 12, 1929, acquired from the heirs of Dr. R.M. Collins, 100 acres of land, more or less, and this property is described as being bounded on the South by the property of Dudley Hall and M.R. Womack, or the Greensburg Road. Dr. R.M. Collins, on January 31, 1898, acquired this property and in his deed it is described as being bounded on the south by Dudley Hall and Mary R. Womack, or the Public Road. Before selling this property, D.S. Gorman, in 1891, mortgaged it to Dr. Collins, and the same southern boundary is given in the act of mortgage. In 1934, the plaintiff mortgaged the property to the Federal Land Bank, and in that act of mortgage, the land is described as being bounded on the south by Dudley Hall and M.R. Womack, or the public road leading from Greensburg to Harvell's Mill. It is therefore clear to us that the owners on the south of plaintiff's land were Dudley Hall and M.R. Womack or the Greensburg Road.
On February 6, 1924, defendant acquired from the heirs of W.L. Tillery, a tract of land in Section 38 containing 30 acres, more or less, being bounded on the north by R.M. Collins and Harvell. W.L. Tillery acquired this tract from J.E. Wilson on January 23, 1919, by the same description, by an act of partition of the assets of W.L. Tillery Co., a partnership. W.L. Tillery Co. acquired this land from Mrs. Davie G. Womack on November 5, 1906, by the same description, and in which deed she states that she acquired the same by inheritance from her deceased parent, presumably Mary R. Womack.
Mary R. Womack, as an heir of D.K. Gorman, who owned all of Section 38, and the adjoining lands, and ancestor in title also of plaintiff, on March 4, 1879, in an act of partition of the remaining land belonging to the estate of D.K. Gorman, received as part of her share a certain tract of land containing 133 1/3 acres and which was described as being "bounded on the North by the Greensburg Road". Mary K. Womack, on January 15, 1881, sold a portion of this property to Dudley Hall, and this portion is also mentioned as being bounded on the North by the Greensburg Road.
As already set out, D.K. Gorman, the ancester in title of both plaintiff and defendant, on December 22, 1873, sold to D.S. Gorman "all his right title and interest and claim in and to: A certain piece or parcel of land situated lying and being in St. Helena Parish, State of Louisiana, bounded as follows: to-wit: North by lands of H.D. Leonard, East by Henry Gordon, South by this vendor and west by vendee". The description in that deed does not clearly identify the property transferred. In February, 1879, D.S. Gorman was sworn as an expert to list and value the property of D.K. Gorman, deceased. The estate of D.K. Gorman was later subdivided into lots, some of which were described as being bounded on the north by the Greensburg Road. One of these lots which was bounded on the north by the Greensburg Road became the property of Mrs. Mary R. Womack and Dudley Hall. D.S. Gorman, one of the ancesters in title of plaintiff recognized that his southern boundary was the Greensburg Road when he sold the property to Dr. Collins. The heirs of Dr. Collins also recognized the southern boundary as being the Greensburg Road, and, in fact, so did the plaintiff when he mortgaged the property to the Federal Land Bank.
It is therefore so obvious to us that the Greensburg Road is the boundary separating the tracts of land owned by plaintiff on the north of the road and by defendant south of the road that we do not deem it necessary to discuss the matter any further, *Page 818 
and the judgment recognizing defendant as the owner of the land in dispute, said land being south of the road, is correct.
However, defendant is entitled to recover of the plaintiff the value of the timber which he caused to be cut and sold from this tract. The defendant has proven that there were 3057 feet of long leaf pine timber of the value of $8 per M. stumpage and 10,450 feet of short leaf pine timber of the value of $5 per M., totalling the sum of $76.70, cut and removed, for all of which plaintiff is responsible.
For these reasons, the judgment of the District Court is amended by awarding defendant further judgment against plaintiff in the sum of $76.70, and as thus amended, the judgment is affirmed at plaintiff's costs.